UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Owner-Operator Independent Drivers
Association, Inc., a Missouri non-profit
entity; and Stephen K. House, a natural
person,

         Plaintiffs,

v.

Mark Dunaski, Ken Urquhart, James
Ullmer, Doug Thooft, Christopher Norton,
and John Doe 1, Personally, Individually,
and in their official capacities,

         Defendants.

Civil No. 09-1116 (DWF/RLE)

**ORDER**

_____

Albert T. Goins, Sr., Esq., Goins Law Offices, Ltd., and Daniel E. Cohen, Esq., Joyce E. Mayers, Esq., Paul D. Cullen, Jr., Esq., and Paul D. Cullen, Sr., Esq., counsel for Plaintiffs.

Marsha Eldot Devine, and Thomas C. Vasaly, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants.

_____

In this lawsuit, Plaintiffs Owner-Operator Independent Drivers Association, Inc. ("OOIDA") and Stephen K. House challenge a fatigue enforcement program initiated by Defendants, who are officers and officials of the Minnesota State Patrol ("MSP"). On May 10, 2008, House was stopped by members of the MSP at the Red River Weigh Station in Minnesota. Plaintiffs allege six counts against Defendants pursuant to 42 U.S.C. § 1983 for violations of the United States Constitution under the Fourteenth Amendment and the Fourth Amendment stemming from the May 10 incident.

Specifically, Plaintiffs allege the following: (1) Violation of Due Process of Law; (2) Violation of Due Process of Law—Pre-Deprivation Hearing; (3) Violation of Due Process of Law—Denial of Post-Deprivation Hearing; (4) Warrantless Search and Seizure; (5) Enforcement of Unconstitutionally Vague Regulation; and (6) Violation of Due Process of Law—Lack of Statutory Authority. Plaintiffs seek declaratory, injunctive, and monetary relief.

This matter is before the Court pursuant to Plaintiffs' Motion for Partial Summary Judgment and Defendants' Motion for Summary Judgment. Pursuant to the parties' request and because the parties' settlement conference is scheduled for Monday, August 2, 2010, the Court has agreed to issue a short Order ruling on the summary judgment motions. If this matter is not resolved at the settlement conference[1] and if either party requests it, the Court will follow this Order with a Memorandum Opinion and Order further explaining this ruling.

Neither party specifically identifies the counts at issue in their motion. Instead, Plaintiffs seek partial summary judgment on their claims for declaratory and injunctive relief—not for monetary relief—based on seven grounds. Defendants raise five grounds to support their summary judgment motion. Therefore, the Court will rule on each ground as presented in the individual motions with the understanding that some of the

---

[1]  Although Plaintiffs take issue with the timing and purpose of the May 2010 General Order, the Court believes that it shows Defendants' willingness to address at least some of Plaintiffs' concerns. Given this, the Court respectfully urges the parties to consider a settlement in this matter because a settlement might well serve the best

(Footnote Continued on Next Page)

grounds are simply arguments that alone may not be the basis for the entry of summary judgment.

There is no dispute concerning the proper summary judgment standard. *See* Fed. R. Civ. P. 56(c). Therefore, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

A. Plaintiffs' Motion for Partial Summary Judgment (Doc. Nos. [63] and [82]) is **DENIED**. Viewing the evidence in the light most favorable to Defendants, the Court concludes:

1. Assuming that Minnesota had adopted the North American Standard Inspection Level III procedures as of May 10, 2008, there are genuine factual disputes with respect to whether House's rights under the Fourth Amendment were violated when Defendants Norton and Ullmer issued the out-of-service ("OOS") order.

2. With respect to House's Fourteenth Amendment claim, House has not established that he is entitled to summary judgment based on his allegation that Defendants' failure to provide pre-deprivation and post-deprivation review violated House's rights to due process.

---

(Footnote Continued From Previous Page)
interests of all parties.

3. Plaintiffs are not entitled to summary judgment on void-for-vagueness grounds. As discussed below, the Court concludes that Defendants are entitled to summary judgment on this issue.

4. Plaintiffs do not explain precisely how their argument concerning whether Defendants' fatigue criteria are based on medically sound principles applies to their claims. For this reason, the Court concludes that no ruling is necessary with respect to this precise argument. It is noteworthy, however, that Denise Nichols, who provides fatigue training for the MSP, has conducted 20,000 to 25,000 safety inspections yet has never issued an OOS order for fatigue. In comparison, within 48 hours of attending his first fatigue class, Defendant Norton issued 4 OOS orders from the 6 inspections he conducted on that day.

5. With respect to whether the applicable regulations authorize fatigue-based OOS orders, the Court concludes that there are genuine issues of factual dispute on this issue.

6. As discussed below, the Court concludes that prior to August 1, 2009, Minnesota had adopted the Federal Motor Carrier Safety Regulations ("FMCSRs") into state law.

7. Plaintiffs are not entitled to injunctive or declaratory relief as a matter of law because, at this stage, Plaintiffs have not established success on the merits for any of their claims.

B. Defendants' Motion for Summary Judgment (Doc. No. [71]) is **GRANTED IN PART and DENIED IN PART**. Viewing the evidence in the light most favorable to Plaintiffs, the Court concludes:

1. With respect to House's Fourth Amendment claim, as a commercial truck driver, House had a reduced expectation of privacy. Nevertheless, viewing the totality of the circumstances, the Court concludes that there are genuine issues of material fact with respect to House's Fourth Amendment claim that preclude summary judgment. With respect to House's Fourteenth Amendment claim that Defendants' failure to provide pre-deprivation or post-deprivation review violated House's rights to due process, the Court also concludes that there are genuine factual disputes that preclude summary judgment. However, the Court cautions Plaintiffs that a victory at the summary judgment stage does not equate to a victory at trial nor rule out the possibility of a directed verdict at trial, especially with respect to the factual issues surrounding the due process claim.

2. With respect to Plaintiffs claim for prospective relief for their Fourth and Fourteenth Amendment claims, Defendants have not established that they are entitled to summary judgment simply because the MSP has changed its procedures related to fatigue inspections.

3. There is no genuine issue of material fact with respect to Norton's and Ullmer's qualified immunity with respect to House's claims

for damages based on alleged violations of the Fourth and Fourteenth Amendments. Assuming for the purposes of this argument that House was deprived of a constitutional right and using an objective legal reasonableness standard, the Court concludes Norton and Ullmer are entitled to qualified immunity for House's damages claims. Because Dunaski, Urquhart, and Thooft did not have any personal involvement in the May 10, 2008 incident, the Court further concludes that the claims against them should also be dismissed as a matter of law.

  4. With respect to statutory authority, the Court recognizes that Plaintiffs allege that there was no Minnesota state law that authorized Defendants' conduct, not that Defendants violated a state law. The Court finds Judge Blaeser's June 8, 2010 Order and Memorandum persuasive and concludes that prior to the 2009 amendment, the FMCSRs were part of Minn. Stat. § 221.605. The 2009 amendment merely clarified that the statute incorporated the FMCSRs.

  5. There is no genuine issue of material fact with respect to whether "fatigue," as used in 49 C.F.R. § 392.3, is void for vagueness. It is not. Recognizing that neither Minn. Stat. § 221.605 nor 49 C.F.R. § 392.3 provides a definition of "fatigue," the Court concludes that the common

term as used in this instance provides Plaintiffs and others similarly situated with sufficient notice regarding what conduct is prohibited.

Dated: July 30, 2010
           s/Donovan W. Frank
           DONOVAN W. FRANK
           United States District Judge