UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Owner-Operator Independent Driver Association, Inc., a Missouri non-profit entity; and Stephen K. House, a natural person; | Civil No. 09-1116 (DWF/RLE) |
| Plaintiffs, | |
| v. | **ORDER** |
| Mark Dunaski, Ken Urquhart, James Ullmer, Doug Thooft, Christopher Norton, and John Doe, all personally, individually, and in their official capacities, | |
| Defendants. | |

_____

Albert T. Goins, Sr., Esq., Goins Law Offices, Ltd., and Daniel E. Cohen, Esq., Joyce E. Mayers, Esq., Paul D. Cullen, Jr., Esq., and Paul D. Cullen, Sr., Esq., The Cullen Law Firm, counsel for Plaintiffs.

Marsha Eldot Devine, and Thomas C. Vasaly, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants.

_____

This matter is before the Court on Plaintiffs' and Defendants' motions in limine. The Court ruled in substantial part off the bench during the pre-trial hearing on August 31, 2010. The Court's remarks, except to the extent that they are modified herein, are incorporated in this Order.

For the reasons stated on the record and based upon the memoranda, pleadings, and arguments of counsel, and the Court having reviewed the contents of the file in this

matter and being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff's motion in limine to preclude evidence produced after discovery cutoff date (Doc. No. [115]) is **DENIED** to the extent it seeks a ban on the May 2010 General Order and **GRANTED** to the extent that it seeks a ban on other discovery produced after the discovery cut-off date.

2. Plaintiff's motion in limine regarding the FMCSA witness (Doc. No. [120]) is **GRANTED**. Plaintiffs' motion for leave to file supplemental memorandum in support of motion in limine regarding FMCSA witness (Doc. No. [149]) is **GRANTED**.

3. Plaintiff's motion in limine regarding videos (Doc. No. [125]) is **DENIED AS MOOT** with respect to Defendants' Exhibits 4, 10, and 11 and **DENIED** with respect to Defendants' Exhibit 19. Such evidence shall be presumptively admissible, subject to proper foundation being established.

4. Plaintiffs' motion in limine regarding Defendants' admission of undisputed statement of facts (Doc. No. [129]) is **DENIED**. No later than September 7, 2010, Defendants shall respond to Plaintiffs' request regarding which facts are undisputed and which facts remain in dispute.

5. Defendants' motion in limine (Doc. No. [143]) is**:**

a. **DENIED** with respect to the testimony of Dr. Westbrook. Dr. Westbrook's testimony shall be presumptively admissible subject to proper foundation being established;

b. The Court will delay ruling with respect to the introduction of evidence from Defendant Urquhart's personnel file and Defendant Norton's performance evaluation, given that such decisions depend on the purpose for which such documents are used;

c. The Court will delay ruling on Defendants' requests concerning James Johnston, Stephen K. House, and Dale Anderson, given that such decisions depend on the purpose for which such documents are used;

d. **DENIED** with respect to OOIDA Members' Complaints. Such evidence can be used for the purposes discussed on the record and shall be presumptively admissible, subject to proper foundation being established;

e. **GRANTED** with respect to the e-mail of Tom Nelson;

f. **DENIED** with respect to the Fatigue Checklists. Such evidence can be used for the purposes discussed on the record and shall be presumptively admissible, subject to proper foundation being established; and

g. **GRANTED** with respect to calling Marsha Eldot Devine as a witness.

**IT IS SO ORDERED.**

Dated:  September 1, 2010

<span style="text-decoration: underline;">s/Donovan W. Frank</span>
DONOVAN W. FRANK
United States District Judge