UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * *

Owner-Operator Independent Driver
Association, Inc., a Missouri non-profit
entity; and Stephen K. House, a natural
person,

            Plaintiffs,

vs.

Mark Dunaski; Ken Urquhart; James
Ullmer; Doug Thooft; Christopher
Norton and John Doe, all personally,
individually and in their official
capacities,

            Defendants.

AMENDED
SETTLEMENT CONFERENCE ORDER

Civ. No. 09-1116 (DWF/LIB)

* * * * * * * * * * * * * * * * *

On February 2, 2011, pursuant to the direction of the Hon. Donovan W. Frank and the Court's Findings of Fact, Conclusions of Law, Order and Memorandum dated January 28, 2011, the undersigned issued a Settlement Conference Order setting the Settlement Conference in the above-entitled matter on for Tuesday, March 1, 2011.

On February 3, 2011, Plaintiffs filed a letter [Docket No. 198] requesting, among other things, to reschedule the Settlement Conference due to conflicts with their client's unavailability for the date of March 1, 2011. Counsel of record for plaintiffs and defendants and the undersigned's Judicial Assistant had a conference call to determine a mutually agreeable date to reschedule the Settlement Conference.

The Settlement Conference is reset for **Tuesday, March 15, 2011, at 9:30 o'clock a.m.**, before Magistrate Judge Leo I. Brisbois, in Court Room No. 3, Gerald W. Heaney Federal Building

and United States Courthouse and Customhouse, 515 W. First St., Duluth, Minnesota.

Counsel who will actually try the case and each party, armed with full settlement discretion, shall be present in person. If individuals are parties to this case, they shall also be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap," on his or her authority, this requirement is not satisfied. If an insurance company is involved, the responsible agent also with full settlement authority must be present in person.

Attorney for the plaintiffs, Mr. Paul D. Cullen, Sr., has also requested that Stephen House be excused from personally attending the Settlement Conference on March 15, 2011. Attorney for the defendants, Ms. Marsha Eldot Devine, has also requested that Mark Dunaski, Ken Urquhart, James Ullmer, Doug Thooft and Christopher Norton be excused from personally attending the Settlement Conference on March 15, 2011. The Court will permit the absence of the individuals identified by counsel, however, the absence of the named individuals requires that the counsel and individuals who will be personally attending the Settlement Conference on behalf of the respective parties definitively and unequivocally have full authority to bind the excused individuals to the terms and conditions of any settlement that might be reached in this case. Moreover, if during the Settlement Conference, either party takes a position that they cannot fully and finally commit to a prospective settlement unless and until they check with and/or obtain the approval of any of the excused individuals, this Court will on its own inherent authority consider such a circumstance inconsistent with the representations that the above-named counsel have made to this Court as well

- 2 -

as a wilful violation of this Court's directive as embodied in this Amended Settlement Conference Order, and the Court will accordingly issue sua sponte appropriate sanctions as against counsel, the party representatives attending the settlement conference, and the individuals excused from attending the settlement conference.

The parties shall note that the Settlement Conference will not be terminated to accommodate any travel plans. If needed, hotel reservations should be made in advance of the Conference to accommodate continuing settlement efforts that extend past the usual business hours.

In order to encourage the parties to address the issue of settlement on their own, counsel for all parties must confer in person at least ten (10) days prior to the date of the Settlement Conference, to engage in a full and frank discussion of settlement. If the case does not settle, each attorney shall submit to the undersigned, at least one (1) week before the date of the Settlement Conference, a confidential letter setting forth the parties' respective settlement positions before the meeting, their respective positions following the meeting and a reasoned, itemized analysis justifying their client's last stated settlement position. **This letter shall be submitted to the undersigned by e-mail to the following address: brisbois_chambers@mnd.uscourts.gov.** Failure of any lawyer to submit this letter will result in the Settlement Conference being rescheduled and the imposition of an appropriate sanction on the attorney whose failure caused the Conference to be postponed. Additional sanctions may be imposed for failure to comply with any of the other foregoing instructions.

DATED: February 3, 2011

BY THE COURT:

_____
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

- 3 -