**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Owner-Operator Independent Driver Association, Inc., a Missouri non-profit entity; and Stephen K. House, a natural person,<br><br>  Plaintiffs,<br><br>v.<br><br>Mark Dunaski, Ken Urquhart, James Ullmer, Doug Thooft, Christopher Norton, and John Doe, all personally, individually, and in their official capacities,<br><br>  Defendant. | Civil No. 09-1116 (DWF/LIB)<br><br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

---

Albert T. Goins, Sr., Esq., Goins Law Offices, Ltd., and Daniel E. Cohen, Esq., Joyce E. Mayers, Esq., Paul D. Cullen, Jr., Esq., and Paul D. Cullen, Sr., Esq., counsel for Plaintiffs.

Marshal Eldot Devine, and Thomas C. Vasaly, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants.

---

This matter is before the Court pursuant to Defendants' request for leave to file a motion for reconsideration of the Court's January 28, 2011 Findings of Fact, Conclusions of Law, Order and Memorandum (hereinafter "January 28, 2011 Order." (Doc. No. 196.) Specifically, by letter dated April 8, 2011, Defendants request that the Court reconsider Finding of Fact 35 and, separately, the Defendants assert that paragraph 1 of the

January 28, 2011 Order inadvertently omits any specific reference to Defendant Ken Urquhart, asserting that the Court's summary judgment rulings contemplated that the claims against Defendant Kenneth Urquhart be dismissed in their entirety. (Order (Jul. 30, 2010), ¶ B.3 at 6 (Doc. No. 106); Mem. Op. and Order (Sept. 7, 2010, Part III.C at 21 (Doc. No. 165).) Consequently, Defendants have requested that paragraph 1 of the January 28, 2011 Order be amended to dismiss Defendant Kenneth Urquhart as to all counts. The Plaintiffs, in its April 15, 2011 letter to the Court (Doc. No. 209), oppose Defendants' motion. For the reasons stated, the Court denies Defendants' request to file a motion for reconsideration. However, pursuant to Rule 60 of the Federal Rules of Civil Procedure, the Court will amend paragraph 1 of the January 28, 2011 Order by dismissing Defendant Ken Urquhart as to all counts, consistent with the Court's July 30, 2010, and September 7, 2010 summary judgment rulings referenced above.

## DISCUSSION

Pursuant to Rule 7.1(h) a request for leave to file a motion for reconsideration will only be granted upon a showing of "compelling circumstances." However, a motion to reconsider should not be employed to relitigate old issues, but, rather, to "afford an opportunity for relief in extraordinary circumstances. *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

**Finding of Fact 35**

In its letter requesting leave to file a motion for reconsideration with reference to Finding of Fact 35 of the January 28, 2011 Order, the Defendants assert that there is no evidence in the record that "anyone in authority" at the Minnesota State Patrol ever instructed inspectors to engage in "planned deception."

The Court finds that Defendants have not demonstrated a compelling circumstance that warrants reconsideration of the Court's decision with respect to Finding of Fact 35. The Court respectfully rejects Defendants' assertion that there is no evidence in the record, circumstantially or otherwise, to establish that the questioning of Plaintiff House on May 10, 2008, and other similarly situated individuals, was in any way misleading or otherwise deceptive. Finding of Fact 35 must be viewed in the context of all of the evidence in the case, including, but not limited to, the following Findings of Fact: 23, 26, 36, 43, 49, 50, and Conclusion of Law 3.

Relatedly, in addition to the Court's findings, as noted above, reflecting the testimony of Defendant James Ullmer on May 10, 2008, Inspector Ullmer also testified, either in response to questions put to him at his deposition or at trial, that in addition to stating to Plaintiff House that they were simply conducting a sleep study, Inspector Ullmer acknowledged, indicating to Plaintiff House, "[n]othing will come of the interview" and in so testifying, he stated that he was trying to put Plaintiff House at ease, although he was not entirely comfortable with continuing to tell drivers that nothing would come of the interview. Because the Court finds that the record supports the

3

findings and conclusions of the Court, the Court finds and concludes that the Defendants have not shown compelling circumstances justifying permission to move for reconsideration.  Accordingly, the Court will deny Defendants' request for reconsideration as it relates to Finding of Fact 35 of the Court's January 28, 2011 Order.

**Paragraph 1 of January 28, 2011 Order:  Ken Urquhart**

Paragraph 1 of the January 28, 2011 Order, concludes by stating, "This decision is consistent with the Court's July 30, 2010 and September 7, 2010 summary judgment orders."  The Court's July 30, 2010 Order, paragraph 3, stated, in pertinent part, as follows:  "Because Dunaski, Urquhart, and Thooft did not have any personal involvement in the May 10, 2008 incident, the Court further concludes that the claims against them should also be dismissed as a matter of law."  In the Court's September 7, 2010 Memorandum Opinion and Order, it confirmed the July 30, 2010 Order by stating that "the claims against Dunaski, Urquhart, and Thooft should also be dismissed as a matter of law."

Separate from the Defendants' request for reconsideration pursuant to Rule 7.1(h) of the Local Rules, Rule 60 of the Federal Rules of Civil Procedure permits the Court, in its discretion, to correct a mistake arising from inadvertence or omission.  The Court may do so on motion of a party or on its own, with or without notice. Careful review of the record in this case and the orders referenced by both parties clearly establish that, consistent with the prior orders of the Court, it was the intent of the Court on January 28, 2011, to dismiss all matters against Defendant Ken Urquhart because he did not have any

personal involvement in the May 10, 2008 incident, and because the Court concluded prior to the trial that the Plaintiffs had failed to establish that the Minnesota State Patrol had an administrative policy or custom which was the moving force behind the constitutional violations alleged in the case.  For those reasons, the Court, as early as July of 2010, expressed its intent to dismiss the claims as a matter of law against not only Defendant Urquhart, but Defendants Dunaski and Thooft.  For these reasons, the Defendants are entitled, pursuant to Rule 60, to have paragraph 1 of the January 28, 2011 Order amended to dismiss Defendant Ken Urquhart as to all counts.

Accordingly, **IT IS HEREBY ORDERED** that:

1.     Defendants' request to file a motion for reconsideration as to paragraph 35 of the Court's Findings of Fact is respectfully **DENIED**.

2.     Defendants' request that paragraph 1 of the Court's January 28, 2011 Findings of Fact, Conclusions of Law, Order and Memorandum (Doc. No. 196) be amended to dismiss Defendant Ken Urquhart as to all counts is **GRANTED**.  Paragraph 1 of the January 28, 2011 Order is hereby **AMENDED** as follows:

> 1.     Plaintiffs' claims against Defendants Colonel Mark Dunaski, Ken Urquhart, and Lieutenant Doug Thooft in their personal, individual, and official capacities are **DISMISSED WITH PREJUDICE** on the grounds that they had no personal involvement in the matters alleged in

Plaintiffs' Second Amended Complaint.  This decision is consistent with the Court's July 30, 2010 and September 7, 2010 summary judgment orders.


Dated:  April 27, 2011                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge