UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Owner-Operator Independent Driver Association, Inc., a Missouri non-profit entity; and Stephen K. House, a natural person, | Civil No. 09-1116 (DWF/LIB) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Mark Dunaski, Ken Urquhart, Christopher Norton, James Ullmer, Doug Thooft, and John Doe, Personally, Individually, and in their Official Capacities, | |
| Defendants. | |

Albert T. Goins, Sr., Esq., Goins Law Offices, Ltd.; and Daniel E. Cohen, Esq., Joyce E. Mayers, Esq., Paul D. Cullen, Jr., Esq., and Paul D. Cullen, Sr., Esq., The Cullen Law Firm, counsel for Plaintiffs.

Marsha Eldot Devine, and Thomas C. Vasaly, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants.

**INTRODUCTION**

This matter is before the Court on a Motion for Attorneys' Fees and Expenses (Doc. No. 235) brought by Plaintiffs Owner-Operator Independent Drivers Association, Inc. ("OOIDA") and Stephen K. House ("House") (collectively, "Plaintiffs") pursuant to Local Rule 54.3 and 42 U.S.C § 1988(b).  For the reasons set forth below, the Court grants the motion in part and denies the motion in part.

## BACKGROUND

Plaintiffs brought this action against Defendants, who are officers and officials of the Minnesota State Patrol ("MSP"), under 42 U.S.C. § 1983. In orders dated July 30, 2010 and September 7, 2010, the Court granted partial summary judgment in favor of the MSP on Plaintiffs' due process claims contained in the second amended complaint (Counts I, II, III, V, and VI). (Doc. No. 106 at 5-7, Doc. No. 165.)

Plaintiffs' remaining Fourth Amendment Claim (Count IV) proceeded to trial without a jury on September 13, 14, 15, 16, 20, and 21, 2010. Plaintiffs were successful at trial. In orders dated January 28, 2011 and April 27, 2011, the Court dismissed Plaintiffs' due process claims with prejudice. (Doc. No. 196 at 24, Doc. No. 215.) The Court acknowledged that with respect to Count IV, Plaintiffs were prevailing parties and were entitled to request an award of reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988. (Doc. No. 196 at 21 ¶ 8.)

The Court issued an additional order dated September 21, 2011, enjoining the MSP from any further violation of Plaintiffs' Fourth Amendment rights as described in the Court's January 29, 2011 order. The MSP was specifically enjoined from rescinding certain commercial vehicle inspection policies and procedures and were required to adequately instruct inspectors on procedures contained in the MSP's October 2010 training program, which was determined to be constitutionally adequate. (Doc. No. 56 at 5-6.) The MSP was also ordered to rescind certain determinations contained in fatigue inspection reports and related out-of-service orders from April 1, 2008 to September 30, 2010, including a May 10, 2008 order pertaining to House. (*Id*. at 6.) The

Court dismissed all but Count IV of Plaintiffs' complaint with prejudice and judgment was entered on September 22, 2011. (Doc. No. 229 at 7-8, Doc. No. 230.)

Plaintiffs now move the Court for an order requiring the MSP to reimburse them for their respective attorney fees and costs. Plaintiffs seek attorney fees and costs in the amount of $3,315,097.20[1] The MSP asserts that this request is unreasonable and contains unsupportable or improper fees. The MSP opposes this request and argues that Plaintiffs should receive no more than $535,485.

## DISCUSSION

In any action brought to enforce 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). To be a prevailing party, a plaintiff "must 'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Forest Park II v. Hadley*, 408 F.3d 1052, 1059 (8th Cir. 2005) (quoting *Farrar*, 506 U.S. at 109). "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the

---

[1] Plaintiffs originally sought $157,445 in costs. In their reply, Plaintiffs conceded a $970.80 reduction in costs because two future airfare expenses were never used. (Doc. No. 248 at 24.) Thus, the revised amount of requested costs is $156,474.20 and the total amount of Plaintiffs' request is the original requested amount ($3,316,068) minus $970.80, for a total of $3,315,097.20.

plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Farrar*, 506 U.S. at 113.  While the amount of the award does not alter the prevailing party inquiry, it will bear on the propriety of fees awarded under § 1988. *Id.* at 114.

In calculating reasonable attorney fees, the Court begins by calculating the "lodestar"—the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The reasonableness of a fee depends upon a number of factors, including "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." *Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997).  *See also State by Humphrey v. Alpine Air Prods.*, 490 N.W.2d 888, 896 (Minn. Ct. App. 1992), *aff'd*, 500 N.W.2d 788, 790 (Minn. 1993) (affirming an award of attorney fees where court carefully considered (1) time and labor involved, (2) nature and difficulty of responsibility assumed, (3) amount involved and result obtained, (4) fees customarily charged for similar legal services, and (5) experience and reputation of counsel).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

Plaintiffs request an award of attorney fees in the amount of $3,158,623 ($3,068,647 to the Cullen Law Firm and $89,976 to Goins Law Offices) and costs in the amount of $156,474.20, for a total of $3,315,097.20.  In support, Plaintiffs rely on the

4

Affidavit of Paul D. Cullen, Sr. (Doc. No. 238, Cullen Aff.) and the Declarations of Albert T. Goins, Sr. (Doc. No. 239, Goins Decl.) and Paul D. Cullen, Sr. (Doc. No. 249, Cullen Decl.)  Attached to the Cullen Affidavit is an itemized description of individual time entries and a summary of the attorney fees and costs requested by Plaintiffs.  (Cullen Aff. ¶¶ 3-5, Exs. B, C, D.)  Attorney Albert T. Goins, Sr., also included a detailed set of invoices detailing the fees he incurred in this action.  (Goins Decl. ¶ 5, Ex. B.)

| Timekeeper (The Cullen Law Firm, PLLC) | Hourly Rate | Hours Billed | Claimed Amount |
|---|---|---|---|
| Paul D. Cullen, Sr., Attorney | $575 | 1,460.88 | $840,008 |
| Joseph A. Black, Attorney | $495 | 0.70 | $347 |
| Daniel E. Cohen, Attorney | $495 | 1,449.55 | $717,527 |
| David A. Cohen, Attorney | $495 | 67.60 | $33,462 |
| Randall S. Herrick-Stare, Attorney | $495 | 201.50 | $99,743 |
| Joyce E. Mayers, Attorney | $495 | 438.70 | $217,156 |
| Paul D. Cullen, Jr., Attorney | $435 | 2,262.90 | $984,362 |
| Karina C. Arias, Paralegal | $140 | 518.25 | $72,555 |
| Ramona Claiborne, Paralegal | $140 | 414.10 | $57,974 |
| Jennifer Kurtz, Paralegal | $140 | 229.40 | $32,116 |
| Jennifer Okwudili, Paralegal | $140 | 95.70 | $13,398 |

| Timekeeper (Goins Law Offices, Ltd.) | Hourly Rate | Hours Billed | Claimed Amount |
|---|---|---|---|
| Albert T. Goins, Sr., Attorney | $350 | 257.1 | $89,976 |

The hours reflected in the fee request account for time spent on the case from March 2009 through September 2011.

Plaintiffs also have submitted a detailed description of each individual expense and a summary of the Cullen Law Firm's expenses by category. (Cullen Aff. ¶¶ 10-11, Exs. E, F.) The costs sought by Plaintiffs total $156,474.20 and include expenses for photocopies, Westlaw research charges, telecopies, delivery and shipping, deposition costs, transcription costs, outside scanning, postage, PACER charges, telephone charges, airfare, hotel, local travel expenses, meals, court fees, and other miscellaneous expenses. (Cullen Aff. ¶ 10, Ex. E.)

The MSP argues that Plaintiffs' request for attorney fees and costs is unreasonable. Specifically, the MSP asserts that the hourly rates requested for the Cullen Firm are well-above the prevailing rates of attorneys in the Twin Cities area and that the number of hours expended were excessive. The MSP contends that the hourly rate of the attorneys at the Cullen Firm, except for Paul D. Cullen, Jr., should be $350, that Paul D. Cullen, Jr.'s hourly rate should be $225, and that the Cullen Firm paralegals' hourly rate should be $100. The MSP asserts that on several occasions Plaintiffs unnecessarily sent multiple attorneys to depositions and spent an inordinate amount of time investigating and drafting the complaint in this matter. The MSP also contends that Plaintiffs were not successful in shutting down the MSP's fatigue enforcement program and that because five of Plaintiffs' six claims were dismissed prior to trial, a two-thirds lodestar reduction is appropriate. The MSP does not, however, make any particular challenge to the

reasonableness of Albert Goins' $350 hourly rate or the total amount of fees he incurred in bringing this action.  (Doc. No. 246 at 17 n.6.)

The parties were involved in this litigation for over two and a half years.  The record speaks for itself as to how highly contested and heavily litigated this matter was during that time.  Though the legal issues in this case were not overly complex, the case involved a large record, numerous motions, intensive discovery, and a six-day trial.  Further, the case involved several parties with complex and diverse interests.

The Court has carefully reviewed Plaintiffs' submissions.  Plaintiffs' counsel seeks to be reimbursed in this case at rates ranging from $435–$575 per hour for the attorneys on the file and $140 per hour for paralegals.[2]  Plaintiffs rely on the Affidavit of Marshall H. Tanick of Mansfield Tanick & Cohen, P.A. in Minneapolis, Minnesota, in support of the reasonableness of the claimed hourly rates.  (Doc. No. 240, Tanick Aff. ¶¶ 12-24.)  Though Plaintiffs argue that these rates are based on the prevailing rate for attorneys in the Twin Cities area, with the exception of Paul D. Cullen, Sr.'s rate of $575 per hour, they directly correspond to the rates contained in the Laffey Matrix.  (Doc. No. 243, Vasaly Decl. ¶ 1, Ex. A.)  With respect to hourly rates, a fee applicant must "produce satisfactory evidence—in addition to the attorney's own affidavits— that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*,

---

[2]   These are not necessarily the current rates for the Cullen Firm attorneys, which were not provided.

465 U.S. 886, 896 n.11 (1984). "A rate determined this way is normally deemed to be reasonable." *Id*.

The hourly rates Plaintiffs request exceed the reasonable prevailing hourly rate for similar work in the Twin Cities area. The legal issues in this case were not overly complex, nor were they entirely issues of first impression. Though rates similar to these have been deemed reasonable in this district, those cases have involved situations where an attorney took on high risk litigation on behalf of a client that had been repeatedly refused by counsel. *See Schaub v. County of Olmsted*, No. 06-2725, 2011 WL 3664565, at *3 (D. Minn. Aug. 19, 2011) (approving a rate of $400 per hour in light of plaintiff's extraordinary difficulty in finding local attorney and challenges in proving his claims); *see also King v. Turner*, 05-0388, 2007 WL 1219308, at *2 (D. Minn. April 24, 2007) (approving rate of $500 per hour where the actual billing rate of a "highly qualified trial attorney" with thirty years of experience was $500 per hour). Moreover, simply because the Laffey Matrix is used by the United States Attorney's Office in Washington, D.C. does not mean that its rates are reasonable in the Twin Cities area. *See Young v. Diversified Consultants, Inc.*, No. 07-CV-4808, 2008 WL 2131176 (D. Minn. May 21, 2008); *Olson v. Messerli & Kramer, P.A.*, No. 07-439, 2008 WL 1699605, at *2 (D. Minn. Apr. 9, 2008); *Bores v. Domino's Pizza LLC*, No. 05-2498, 2008 WL 4755834, at *5 (D. Minn. Oct. 27, 2008). Though Mr. Tanick's affidavit adequately explains why he believes that the requested hourly rates are reasonable, they are, in this Court's view, too high given the legal issues involved and the level of demonstrated legal acumen. In its discretion, the Court adjusts the Cullen Firm's hourly rates as follows: Paul D. Cullen,

Sr. ($400 per hour); Paul D. Cullen, Jr. ($225 per hour); all other Cullen Firm attorneys ($350 per hour); and Cullen Firm paralegals ($110 per hour).

As to the MSP's remaining challenges to the reasonableness of the hours submitted, the Court agrees in part with the argument that the case was at times overstaffed and that the billing may show duplicative work.  As such, the total number of hours expended is reduced by 25% ($496,785.38), allowing the awarded fees to the Cullen Firm to be $1,490,356.13.  Neither side's contention that the total number of hours in the case was increased by the other's discovery tactics is compelling.

Contrary to the MSP's arguments, Plaintiffs were successful in their civil rights claim even though five out of six counts were dismissed prior to trial.  Plaintiffs obtained the relief on the issues that comprised the essence of their case and they were explicitly found to be prevailing parties under 42 U.S.C. § 1988.  Accordingly, the Court declines to further reduce the award because Plaintiffs failed to obtain compensatory or punitive damages or because a portion of Plaintiffs' fee request may have been related to issues upon which Plaintiffs did not prevail.

The MSP argues that Plaintiffs' costs are *per se* unreasonable because normal office overhead such as phones, postage, photocopying costs, and time spent preparing billable items should not be included.  The MSP also objects to Plaintiffs' claim for purportedly excessive meal and airfare costs and asserts that a 25% reduction in expenses is warranted.  The MSP's contention that some of the costs in this case were unreasonably high is well taken, yet Plaintiffs have adequately explained that the meal and hotel expenses to which the MSP objected were reported in the aggregate.  Further,

the copying costs, telephone charges, office supplies, and PACER, Summation, and Westlaw expenses are sufficiently attributable to this case. *Warnock v. Archer,* 397 F.3d 1024, 1027 (8th Cir. 2005) (citing *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996)). Thus, the Court reduces the requested costs amount by 15% ($23,471.13), allowing reimbursement in the amount of $133,003.07.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Motion for Attorneys' Fees and Expenses (Doc. No. [235]) is **GRANTED IN PART** as follows:

1. The Cullen Law Firm shall recover attorney fees in the amount of $1,490,356.13 and costs in the amount of $133,003.07 for a total award of $1,623,359.20.

2. The Goins Law Group shall recover attorney fees in the amount of $89,976.

Dated: September 12, 2012  s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge